## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JULIET BAIRD ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:11-cv-364-GZS |
| | ) |
| FIRST WIND ENERGY LLC ET AL., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON PETITION FOR WRIT OF MANDAMUS, MOTION FOR TEMPORARY RESTRAINING ORDER, AND MOTION TO CONSIDER PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDERS EX PARTE**

Before the Court is Plaintiff Juliet Baird Alexander's Petition for Writ of Mandamus (Docket # 4), Motion for a Temporary Restraining Order (Docket # 5), and Motion to Consider Preliminary Injunction and Temporary Restraining Orders Ex Parte (Docket # 24). Having reviewed the Petition and the Motions, the Court hereby DENIES both the Petition and the Motions.

Plaintiff's Writ of Mandamus seeks to compel the Rumford Board of Selectmen (the "Selectmen") to permanently refrain from drafting any "wind ordinance" or authorizing any election regarding "industrial zoning designs" related to the development of wind power generation facilities in the Town of Rumford. The Petition also seeks to compel the Selectmen to permanently ban the erection of any "grid-scale industrial wind energy development" within Rumford; to "take all legal steps to have the relevant, enabling legislation declared constitutionally defective and enjoined"; to remove any existing transmission lines, towers, and substations intended to carry electricity derived from industrial wind turbines; to "forbid … the

future erection of such transmission lines and sub-stations"; and to require the return of affected landscape to the status quo prior to wind energy development.

While the Court is empowered to issue a writ of mandamus commanding a federal official to perform a nondiscretionary, ministerial act, "[w]here the right of the plaintiff is unclear and the duty of the officer is not plainly defined and peremptory, mandamus is not an appropriate remedy." See Estate of Pingree v. Blumenthal, et al., 1978 WL 1235, at *3 (D. Me. 1978) (internal citations omitted); 28 U.S.C. § 1361. Here, Plaintiff seeks to compel the Court to issue a writ commanding the Selectmen—local government officials—to perform discretionary, non-ministerial acts. Accordingly, a writ of mandamus is clearly not appropriate in this case.

Plaintiff also moves for a Temporary Restraining Order ("TRO") against Defendants First Wind Energy, LLC ("First Wind") and Central Maine Power Company ("CMP"). Plaintiff specifically asks that the Court restrain First Wind from "wrongfully and maliciously interfering with elections in the Town of Rumford" (Docket # 5-1 ) and restrain CMP from connecting up a transmission line and sub-station for the purpose of carrying wind produced electricity in the Town of Rumford" until a preliminary injunction hearing (Docket # 5-2). Via the November 1, 2011 Motion to Consider Preliminary Injunction and Temporary Restraining Orders Ex Parte (Docket # 24), Plaintiff clarifies that she seeks to have the Court rule upon her TRO request prior to Election Day, which is November 8, 2011.

"A TRO is available under Federal Rule of Civil Procedure 65 to a litigant facing a threat of irreparable harm before a preliminary injunction [can be considered]." See Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc., 564 F. Supp. 2d 63, 66 (D. Me. 2008). Just as with a request for preliminary injunction, the moving party bears the burden of persuasion to show:  (1) the likelihood of success on the merits; (2) the potential for

irreparable harm if the injunction is denied; (3) the balance of relevant impositions; and (4) the effect (if any) of the court's ruling on the public interest.  See id.  Ultimately, the Court must "bear constantly in mind that an '[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.'"  Saco Def. Sys. Div., Maremont Corp. v. Weinberger, 606 F. Supp. 446, 450 (D. Me. 1985) (quoting Plain Dealer Pub. Co. v. Cleveland Typographical Union No. 53, 520 F.2d 1220, 1230 (6th Cir.1975)).

Quite simply, Plaintiff's submissions to date have failed to show any substantial likelihood of success on the merits.  See Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007) (stating that likelihood of success is the "most important part of the preliminary injunction assessment").  Additionally, Plaintiff has not shown how she will be irreparably harmed by any actions taken by Defendants on or before November 8, 2011.  Moreover, the Court notes that the public interest is best served by the Court abstaining from any action that might impact on the upcoming election.  Accordingly, both her Motion for a TRO and her Motion to Consider Preliminary Injunction and Temporary Restraining Orders Ex Parte[1] must fail.

Having considered all of the relevant factors, the Court finds that Plaintiff is not entitled to the relief sought in her Petition (Docket # 4) or her Motions (Dockets #s 5 & 24) and, therefore, DENIES the Petition and the Motions.  All other motions pending will be taken under advisement in the ordinary course once briefing is complete.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 2nd day of November, 2011.

---

[1] As part of this Motion (Docket # 24), Plaintiff seeks an Order from the Court postponing until after November 8, 2011 consideration by Rumford voters of any "wind" ordinance.  The Court DENIES this unsupported request.